[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
The above-captioned case is an appeal by an intervening party from the decision of an administrative agency, the Department of Public Health and Addiction Services, Office of Emergency Medical Services ("agency"). The plaintiff, Ace Ambulance Service of Fairfield ("Ace"), claims that the agency acted arbitrarily, capriciously, and in abuse of its discretion in partially granting the application of another ambulance service company, American Medical Response of CT, Inc., ("AMR") to increase the number of vehicles in the fleet that it operates from locations in New Haven and Bridgeport. CT Page 4230
Aggrievement
Both the agency and AMR contest Ace's claim that is an aggrieved party with the requisite standing to maintain this appeal. In its answer, AMR has admitted that Ace is a competitor, and the court finds that both parties attempt to contract with institutional users of ambulances and invalid transportation services in overlapping markets for such services.
The status of being the competitor of a company that has been awarded authorization to commence or expand services does not, in and of itself, make a party an aggrieved party for purposes of General Statutes § 4-183, which authorizes appeals only by "a person who has exhausted all administrative remedies available within the agency and who is aggrieved by a final decision."
Pleading and proof of aggrievement are prerequisites to a trial court's jurisdiction over the subject matter of an administrative appeal. Bakelaar v. West Haven, 193 Conn. 59, 65,475 A.2d 283 (1984). It is therefore fundamental that, in order to have standing to bring an administrative appeal, a person must be aggrieved. Connecticut Business Industry Ass'n. , Inc. v.Commission on Hospitals Health Care, 214 Conn. 726, 729,513 A.2d 736 (1990). The party claiming aggrievement must demonstrate 1) a specific personal and legal interest in the subject matter of the decision, as distinguished from a general interest, such as is the concern of all members of the community as a whole; and 2) that this specific personal and legal interest has been specially and injuriously affected by the decision. United CableTelevision Services Corp. v. Dept. of Public Utility Control,235 Conn. 334, 342-43 (1995); Cannavo Enterprises. Inc. v. Burns,194 Conn. 43, 47, 478 A.2d 601 (1984).
The appellant's interest must be shown to be "specially and injuriously affected in a way that is cognizable by law." UnitedCable Television Services Corp. v. Dept. of Public UtilityControl, 235 Conn. 343; State Medical Society v. Board ofExaminers in Podiatry, 203 Conn. 295, 300-301, 524 A.2d 636
(1987).
In the present case, as in United Cable Television Services,supra and New England Rehabilitation Hospital of Hartford Inc. v.Commission on Hospitals Health Care, 226 Conn. 105, 126,627 A.2d 1257 (1993), the plaintiff's claimed injury arises from the allegedly harmful effect on its business that will result from CT Page 4231 the expansion of AMR's business. A plaintiff who claims harm as a competitor has standing to maintain an appeal to the court only if its interest as a competitor is "arguably within the zone of interest to be protected or regulated by the statutes or constitutional guarantee in question." United Cable Television,235 Conn. 345.
Where the statute which sets the standards for the agency's action requires the agency to weigh the affects of a requested action on competitors, then a competitor whose interests are affected has standing. Light Rigging Co. v. Dept. of PublicUtility Control, 219 Conn. 168, 176 n. 11 (1991) (the statute at issue, § 16-286, required the agency to "take into consideration the existing motor transportation facilities and the effect upon them of granting such certificate. . . .") Where the statute providing standards for the agency's actions does not specifically require the agency to consider the effect on competitors, the competitor has no cognizable legal interest different from that of the public at large, and lacks standing to appeal. United Cable Television, 235 Conn. 346.
The statute that authorizes the agency in the present case to approve expansion of emergency medical services is General Statutes § 19a-180. That statute, like the statutes at issue both in Light Rigging and United Cable Television, requires the agency to consider "the necessity for such services." General Statutes § 19a-180 (a). The statute does not, however, require the agency to consider the effect on competitors as a reason to approve or deny an application.
The agency has enacted administrative regulations effectuating § 19a-180. Those regulations, at CSR §19a-180-7 include the following provision:
 In determining whether a need for new or expanded emergency medical services has been demonstrated, the Officer shall consider the following factors: . . . (d) The impact of the proposed service on existing services in the area.
Ace claims that the agency's enactment of this regulation confers standing on it as a competitor. An administrative agency cannot expand by regulation the scope of the interests protected by the statute it administers Air Courier Conference v. PostalWorkers, 498 U.S. 517, 524 (1991). The Connecticut Supreme Court CT Page 4232 ruled in United Cable Television, 235 Conn. 345, that a party must show injury to an interest that is protected or regulated by the statute itself. See also Visiting Nurse Services ofConnecticut. Inc. v. Office of Health Care Access,16 Conn. L. Rptr. 128 (3/25/96) (inclusion of competitors' interest in standard stated in administrative regulations does not create standing where statute itself does not define competitors as being within the zone of protected interests).
General Statutes § 19a-180 does not include competitors' business interests in the zone of statutory interests protected. Accordingly, the plaintiff has not demonstrated an injury to a legally cognizable interest that it has standing to assert. This court is therefore without jurisdiction to hear the merits of its appeal, as the plaintiff is not an "aggrieved party" within the meaning of General Statutes § 4-183.
Conclusion
The appeal is dismissed.
Beverly J. Hodgson
Judge of the Superior Court